IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UK LIAN C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-21-3065 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On December 1, 2021, UK Lian C. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision denying his claims for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 13, 14) on July 14, 2022 and September 13, 2022, respectively.[1] Plaintiff further responded in opposition to Defendant's Motion on September 28, 2022. ECF No. 15. After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On December 1, 2021, all parties consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 5. On September 30, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings.

## PROCEDURAL HISTORY

On August 20, 2019, Plaintiff filed a Title II application for DIB. ECF No. 10-3 at 12. He

subsequently filed a Title XVI application for SSI on September 6, 2019. *Id.* In both applications,

Plaintiff alleged disability since August 1, 2018. *Id.* His claims were initially denied on February

10, 2020, and upon reconsideration on July 29, 2020. *Id.* Thereafter, Plaintiff requested a hearing

before an administrative law judge ("ALJ"), which was held on March 2, 2021.[2] *Id.* On May 12,

2021, the ALJ rendered a decision finding that Plaintiff was not disabled under the Act. *Id.* at 27-

28. Plaintiff then requested a review of the ALJ's decision, which the Appeals Council denied on

October 4, 2021. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20

C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On December 1, 2021,

Plaintiff filed a Complaint in this Court seeking judicial review of the SSA's denial of her disability

applications. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v.*

*Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review

of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635,

638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a

reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of

nondisability is supported by substantial evidence and based upon current legal standards. *Brown*

*v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which

a reasonable mind might accept as adequate to support a conclusion. It consists of more than a

---

[2] Due to the COVID-19 pandemic, this hearing was conducted telephonically. ECF No. 10-3 at 13.

mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

<u>**DISABILITY DETERMINATIONS AND BURDEN OF PROOF**</u>

To be eligible for DIB or SSI, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

3

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows a five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ

must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, she is not disabled. If the claimant cannot perform other work, she is disabled.

## THE ALJ'S DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2018. ECF No. 10-3 at 16. At step two, the ALJ found that Plaintiff had severe impairments of ischemic heart disease, chronic systolic heart failure, obesity, bilateral carpal tunnel syndrome, diabetes mellitus with neuropathy, obstructive sleep apnea, chronic pain, and degenerative disc disease in the cervical spine and lumbar spine. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* The ALJ then determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only frequently reach, handle, finger, and feel bilaterally; can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ropes, ladders, or scaffolds; and can only occasionally be exposed to

pulmonary irritants and poor ventilation, concentrated odors, fumes, dusts and gasses, extreme cold and extreme heat, and humidity.

*Id.* at 18-19. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a scanner operator. *Id.* at 26. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 28-29.

## DISCUSSION

On appeal, Plaintiff argues that this Court should reverse, or in the alternative remand, the ALJ's final decision because the ALJ did not properly consider Plaintiff's obesity or sleep apnea when determining Plaintiff's RFC. ECF No. 13-1 at 11-18. Defendant argues that the ALJ's determination "accounted for Plaintiff's obesity and cardiovascular, musculoskeletal, and respiratory impairments" and "generously accounted for Plaintiff's combined impairments." ECF No. 14-1 at 4. It also asserts that Plaintiff fails "to show how the record supports work-preclusive limitations from" his obesity and sleep apnea. *Id.* at 5. Therefore, in Defendant's view, Plaintiff has failed to "demonstrate any harmful error." *Id.* at 7. I disagree and, for the reasons that follow, find Plaintiff's argument compelling.

In fashioning an RFC, an ALJ must consider the entire record, including opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform

7

sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

1996 WL 374184, at *7 (footnote omitted). "[T]he [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [RFC] be expressed in terms of the exertional levels of work." *Mascio*, 780 F.3d at 636 (footnote and citation omitted) (quoting SSR 96-8p, 1996 WL 374184). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019). Accordingly, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

Social Security Ruling 19-2p explains that "[o]besity is a complex disorder characterized by an excessive amount of body fat." SSR 19-2p, 2019 WL 2374244, at *2 (May 20, 2019). "Health care practitioners diagnose obesity based on a person's medical history, physical examinations, and body mass index (BMI)." *Id.* Obesity is defined in the medical community "as a BMI of 30.0 or higher." *Id.* When assessing a claimant's RFC, ALJ's "must consider the limiting effects of obesity." *Id.* at 4. Obesity can lead to a plethora of limitations including:

A person may have limitations in any of the exertional functions, which are sitting, standing, walking, lifting, carrying, pushing, and pulling. A person may have limitations in the nonexertional functions of climbing, balancing, stooping,

8

> kneeling, crouching, and crawling. Obesity increases stress on weight-bearing joints and may contribute to limitation of the range of motion of the skeletal spine and extremities. Obesity may also affect a person's ability to manipulate objects, if there is adipose (fatty) tissue in the hands and fingers, or the ability to tolerate extreme heat, humidity, or hazards . . . .
>
> People with an MDI of obesity may have limitations in the ability to sustain a function over time. In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity. *This may be particularly true in cases involving obesity and sleep apnea.*

*Id.* at 4 (emphasis added). It is also important to consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately." *Id.* Given this array of limitations, ALJ's are "required to assess and explain the ways in which an obesity impairment hinders a claimant's 'maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Cassandra W. v. Kijakazi*, No. CBD-20-153, 2022 WL 279828, at *5 (Jan. 31, 2022) (quoting SSR 96-8p, 1996 WL 374184, at *5). And, "[a]n ALJ is required to explain how she reached her conclusion 'on whether obesity caused any physical or mental limitations.'" *Id.* (quoting *Boston v. Barnhart*, 332 F.Supp.2d 879, 886 (D.Md. 2004)).

In *Cassandra W. v. Kijakazi*, a case factually similar to the case at bar, the ALJ found at step 2 that Plaintiff suffered from several severe impairments under 20 C.F.R. § 404.1520(a), including obesity. CBD-20-153, 2022 WL 279828, at *3 (D.Md. Jan 31, 2022). However, at step four, the ALJ did not explain how the plaintiff's obesity limited her ability to perform basic work activities or how those limitations were factored into the RFC. *Id.* at 4. In granting the plaintiff's motion for summary judgment, this Court rejected the defendant's argument that the ALJ implicitly factored plaintiff's obesity into the RFC because he "considered and discussed treatment notes, medical opinions, and other evidence noting [p]laintiff's obesity, including medical records indicating that losing weight could improve [p]laintiff's symptoms." *Id.* The Court reasoned that,

because the ALJ "rendered [p]laintiff's obesity 'severe'" at step two, he was "required to explain how he reached his conclusions on whether obesity caused any physical or mental limitations . . . in the RFC." *Id.* at 6 (cleaned up). Because the ALJ didn't mention the plaintiff's obesity "at any point in the RFC analysis," the Court concluded that it could not "determine whether the ALJ used substantial evidence to support his conclusion." *Id.* This error, the Court explained, was not harmless given that plaintiff had argued, and the record supported, that her limitations could be attributed to her obesity. *Id.* at 6-7.

Here, the medical records contain evidence of Plaintiff's obesity, as his BMI ranged from 35.51 to 40.4. ECF Nos. 10-8 at 102; 10-9 at 191, 195, 203, 465, 474, 478, 481, 483; 10-10 at 3, 5. Accordingly, at step two, the ALJ determined that Plaintiff's obesity was a severe impairment and that his obesity "significantly limit[s] [his] ability to perform basic work activities[.]" ECF No. 10-3 at 16. However, in formulating the RFC at step 4, the ALJ did not comply with the strictures of SSR 19-2p. Instead, he simply noted:

> [T]he undersigned finds that any limiting effects that the claimant's obesity could reasonably be expected to have on his ability to perform basic work activities have already been accounted for in the discussion of the claimant's loss of functioning in his musculoskeletal and cardiovascular systems. Therefore, no further discussion is required.

ECF No. 10-3 at 24. This assessment is inadequate as it does not specifically "consider the limiting effects of obesity." SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019). Because the ALJ found at step 2 that Plaintiff has several conditions that affect both his musculoskeletal and cardiovascular systems,[3] I am not able to determine on this record how the ALJ accounted for Plaintiff's obesity, nor am I able to determine what conclusions the ALJ reached regarding how

---

[3] For example, the ALJ found that Plaintiff suffers from several heart conditions. ECF No. 10-3 at 16. He also found that Plaintiff suffers from "chronic pain" as well as several spinal disc diseases. *Id.*

Plaintiff's obesity interacts with his other severe impairments. *See Tucker v. Colvin*, No. BPG-16-1946, 2017 WL 2472528, at * 2 (D.Md. June 8, 2017) (Finding that "the ALJ's evaluation of plaintiff's obesity is not supported by substantial evidence" in part because "the court has no basis by which to determine whether the ALJ properly considered plaintiff's obesity in assessing plaintiff's work-related limitations at step four of the sequential evaluation.").

The ALJ's failure to properly consider Plaintiff's obesity was not harmless. *See Cassandra W.*, 2022 WL 279828 at *5. Plaintiff has pointed out, and the record supports, that Plaintiff's other severe impairments may be attributed to, or co-mingle with, his obesity. ECF No. 13-1 at 13-17. Consistent with SSR 19-2p, Plaintiff has severe impairments to his "musculoskeletal, respiratory, [and] cardiovascular" systems which are "often associated with" obesity. 2019 WL 2374244, at *3. For example, Plaintiff's medical records reflect that:

> The patient's BMI is above normal, indicating a concern for obesity. In the setting of pain, this results in additional strain on the joints, muscles, and spine. Further evaluation is warranted. Patient is advised to see a registered dietitian, undergo physical therapy for conditioning, and discuss with their PCP.

ECF No. 10-10 at 5. However, the ALJ's report fails to explain how these other impairments, including diabetes mellitus, heart disease, heart failure, obstructive sleep apnea, and degenerative disc disease in his cervical and lumbar spine, correlate or comingle with his obesity. ECF No. 10-3 at 16. The ALJ also failed to discuss Plaintiff's reported daytime fatigue, ECF No. 10-3 at 19, which, under SSR 19-2p, could reasonably be attributed to his obesity, SSR 19-2p, 2019 WL 2374244 ("In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity."). Accordingly, because Plaintiff is obese and has several other impairments that can be caused by or comingle with his obesity, the ALJ was required to explain

11

how Plaintiff's obesity affects his ability to "perform basic work activities" and how it affects his other impairments.

## CONCLUSION

In sum, the Court finds that the ALJ erred by failing to analyze the effects of Plaintiff's obesity as required by SSR 19-2p and that this failure was not harmless. Because the ALJ's analysis of Plaintiff's obesity was not compliant with SSR 19-2p, it is not supported by substantial evidence. Accordingly, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 13) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED. The decision of the SSA is REMANDED for further proceedings consistent with this Opinion. On remand, the ALJ is directed to revise the RFC to account for Plaintiff's obesity and related conditions.[4] If necessary, the ALJ should also revise any subsequent analysis. A separate Order will follow.

Date: 11/1/22

A.  David Copperthite
United States Magistrate Judge

---

[4] Because the Court finds that the ALJ's analysis of Plaintiff's obesity was inadequate, it does not address Plaintiff's contention that remand is required to address the ALJ's failure to consider his obstructive sleep apnea in the RFC analysis. ECF No. 13 at 15-17. On remand, however, the ALJ should consider how Plaintiff's sleep apnea "limit[s] [his] ability to perform basic work activities[.]" ECF No. 10-3 at 16.